IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

ROGER SHAW and ELIZABETH SHAW                           PLAINTIFF

vs.                                                     CAUSE NO: 08-0547

STATE FARM FIRE AND CASUALTY COMPANY
AND JOHN DOES 1-3                                       DEFENDANT

### SUMMONS

TO:   STATE FARM FIRE & CASUALTY COMPANY
      By and Through Its Agent of Process
      William E. Penna
      1080 River Oaks Drive, Suite B-100
      Flowood, MS   39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.
You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint to John R. Santa Cruz, Santa Cruz Law Firm, 718 Dunbar, Suite 1A, Bay St. Louis, Mississippi 39520.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                        _Karen Ruhr_
                                        Circuit Court Clerk

(SEAL)                                  DATED: 8-28-08

**EXHIBIT   A**

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

ROGER SHAW and ELIZABETH SHAW                                    PLAINTIFFS

vs.                                                    CAUSE NO: 08 0547

STATE FARM FIRE AND CASUALTY COMPANY
AND JOHN DOES 1-3                                                  DEFENDANT

## COMPLAINT

### JURY TRIAL DEMANDED

COME NOW the Plaintiffs, ROGER SHAW and ELIZABETH SHAW, by and through undersigned counsel, and file this Complaint against Defendants, State Farm Fire and Casualty Company (hereinafter sometimes referred to as "State Farm") and John Does 1-3, and in support thereof states the following:

### I.

### PARTIES

1.  Roger and Elizabeth Shaw are adult residents of Hancock County Mississippi, owning property at 718 Dunbar Avenue, Bay St. Louis, Mississippi.

2.  State Farm is a foreign insurance company, with its principal place of business in the State of Illinois. State Farm is duly authorized to conduct the business of insurance in the State of Mississippi, and was and is engaged in the business of insurance in Hancock County, Mississippi and throughout the State of Mississippi. State Farm may be served with process upon its agent for service of process, William E. Penna, 1080 River Oaks Drive, Suite B-100, Flowood, Mississippi 39232-7644.

FILED

AUG 2 8 2008

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO
By _____ D.C.

3. Defendants, John Does 1-3 are persons or entities affiliated with, or acting in concert with, State Farm, or which issued a policy of insurance covering Plaintiffs' Hurricane Katrina damage or loss, and whose identities are currently unknown. All allegations against State Farm are incorporated herein by reference against said John Does 1-3. When their identities are known, said John Does will be identified by name and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

## II.

### SUBJECT MATTER AND PERSONAL JURISDICTION

4. This Court has jurisdiction over the subject matter and Defendants in this case pursuant to the applicable statutes or laws of the State of Mississippi.

## III

### VENUE

5. Venue in this cause is proper in this Court since a significant portion of the activities giving rise to the claim occurred in Hancock County, Mississippi and the property which is the subject of the claim is located in Hancock County, Mississippi.

## IV.

### FACTS

6. On August 29, 2005, Plaintiffs had an apartment insurance policy with State Farm covering their property located at 718 Dunbar Avenue, Bay St. Louis, Mississippi, and the personal property contained therein.

7. The policy was active and in full effect on and as of August 29, 2005.

8. This policy included coverage for loss proximately and efficiently caused by hurricane winds.

9. On August 29, 2005, within the subject policy period, Plaintiffs' insured real and personal property was significantly damaged and/or destroyed by the winds of Hurricane Katrina.

10. The loss to the insured property was proximately and efficiently caused by hurricane wind, tornados, microbursts, mesocyclones, and/or convective activity and occurred in the absence of flood water, thereby triggering full coverage for all of Plaintiffs' hurricane losses. Damage to the property was additionally caused by objects blown by the wind and/or falling trees or other objects, all of which were covered perils under the subject policy.

11. Plaintiffs' insured property was further damaged by rain which entered the buildings through openings caused by the hurricane winds.

12. Almost immediately after the storm, and in accordance with the subject policy provisions, Plaintiffs notified State Farm of the loss and established a claim for an insured loss.

13. However, State Farm failed to fairly, adequately, and sufficiently investigate or adjust Plaintiffs' loss.

14. State Farm failed to fully pay Plaintiffs for the damage to their insured property. State Farm has breached its insurance contract with Plaintiffs and owes Plaintiffs contractual and consequential damages as a result of that breach.

15. State Farm denied Plaintiffs' claim even though State Farm failed as a matter of Mississippi law to: (1) sufficiently investigate the loss; (2) establish by a preponderance of the evidence at the time of the denial that Plaintiffs' loss was proximately and efficiently caused by an excluded peril as defined in the exclusion; (3) establish by a preponderance of the evidence at the time of the denial the amount of Plaintiffs' loss caused by defective construction or maintenance; and/or (4) pay Plaintiffs for the amount of the loss that it could not prove by a

preponderance of the evidence was caused by excluded perils. State Farm's failure to pay Plaintiffs all insurance proceeds promptly upon completion of its alleged investigation is without legitimate or arguable reason in fact or law.

16. State Farm's investigation, adjustment, and denial of Plaintiffs' claim were negligent, grossly negligent, and reckless. State Farm's denial of coverage for Plaintiffs' total loss breached the subject contract of insurance. Such conduct also constitutes bad faith and tortious breach of contract and breach of the duty of good faith and fair dealing.

V.

### COUNT ONE:
### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS DISREGARD FOR RIGHTS OF PLAINTIFFS

17. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

18. State Farm had a duty under Mississippi law to fully, fairly, adequately and correctly investigate and adjust Plaintiffs' claims for hurricane damage.

19. State Farm breached this duty by failing to adequately investigate and adjust Plaintiffs' claims for hurricane damage.

20. State Farm breached its duty by denying Plaintiffs' claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that Plaintiffs' loss was proximately and efficiently caused by a non-covered peril or a peril excluded by the policy.

21. State Farm breached its duty by denying Plaintiffs' claim without meeting its affirmative burden of establishing at the time of the denial by a preponderance of the evidence which part of Plaintiffs' loss was caused by an excluded peril.

4

22. Similarly, State Farm breached its duty by failing to pay Plaintiffs for the damage it could not prove by preponderance of the evidence was caused by an excluded peril.

23. State Farm breached its duty by shifting to Plaintiffs the burden of proving that their loss was *not* excluded by the policy.

24. State Farm breached its duty by dispatching an adjuster to investigate, adjust, and deny Plaintiffs' loss who did not have the qualifications or training to determine the cause of the Plaintiffs' loss.

25. State Farm breached its duty by failing to properly train its adjuster on how to investigate and adjust Plaintiffs' loss.

26. State Farm breached its duty by basing its denial of Plaintiffs' claims for hurricane damage on the investigation and adjustment of an unqualified adjuster.

27. State Farm breached its duty by failing to adequately inspect, investigate or adjust the insured property prior to denying the claim.

28. State Farm breached its duty by failing to conduct a complete, adequate, full, fair, and adequate investigation and adjustment of Plaintiffs' claim for damage under the policy.

29. State Farm breached its duty by failing to credit the statements from eyewitnesses in investigation and adjusting Plaintiffs' claim.

30. State Farm breached its duty by failing to utilize an objective meteorologist or structural engineer to determine the cause of Plaintiffs' loss prior to denying the claim.

31. State Farm breached its duty by attempting to characterize storm damage as pre-existing defects.

32. State Farm breached its duty by denying Plaintiffs' claims without knowing what caused the loss or undertaking a reasonable effort to find out.

33. State Farm breached its duty by refusing to engage in the appraisal process.

34. Such conduct as alleged above constitutes negligence, gross negligence, and/or reckless disregard for Plaintiffs' rights as a State Farm insured.

## COUNT TWO:

### BREACH OF CONTRACT AGAINST STATE FARM

35. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

36. Plaintiffs entered into an insurance contract with State Farm in which Plaintiffs contracted for, purchased, and was entitled to receive full insurance coverage under the subject policy for all direct physical loss to the insured property.

37. Plaintiffs suffered a direct physical loss under the subject policy.

38. Plaintiffs satisfied their obligations under the subject policy by submitting a claim showing that they sustained a direct physical loss to their insured property. However, State Farm breached the subject policy by unjustifiably denying insurance coverage for Plaintiffs' insured loss.

39. State Farm breached the subject policy by denying Plaintiffs' claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that Plaintiffs' direct loss was proximately and efficiently caused by a non-covered peril or a peril excluded from coverage in the insurance policy.

40. State Farm breached the subject policy by shifting to Plaintiffs the burden of proving that the loss was not excluded by the policy.

41. State Farm breached the subject policy by failing to conclusively and objectively determine the proximate and efficient cause of loss.

42. Upon information and belief, State Farm breached the subject policy by basing its denial of Plaintiffs' claims on a nonobjective and scientifically unreliable engineering/meteorological report.

43. State Farm breached the subject policy by negligently, grossly negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claims for hurricane damage under the policy.

44. State Farm breached the subject policy by basing its denial of Plaintiffs' claim for hurricane damage on an inadequate investigation, inspection and adjustment of Plaintiffs' loss.

45. State Farm breached the subject policy by basing its denial of Plaintiffs' claims for hurricane damage on the investigation and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

46. State Farm breached the subject policy by failing to utilize an objective engineer or other expert to determine the proximate cause of the loss prior to denying Plaintiffs' claims for hurricane damage.

47. State Farm breached the subject policy by failing to construe the policy in favor of coverage for Plaintiffs' insured loss.

48. State Farm's breaches of contract have proximately caused Plaintiffs to incur contractual and consequential damages.

## COUNT THREE:
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST State Farm

49. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint

7

50. State Farm breached its duty of good faith and fair dealing by unjustifiably denying the insurance coverage for Plaintiffs' insured loss.

51. State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that the direct physical loss to Plaintiffs' insured property was proximately and efficiently caused by a non-covered peril or a peril excluded by the policy.

52. State Farm breached its duty of good faith and fair dealing by shifting to Plaintiffs the burden of proving that their loss was not excluded by the policy.

53. State Farm breached its duty of good faith and fair dealing by failing to conclusively and objectively determine the proximate and efficient cause of the loss prior to its denial of Plaintiffs' claims for damage.

54. State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claims for hurricane damage without being able to conclusively and objectively determine the proximate and efficient cause of the loss.

55. State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claims on a nonobjective and scientifically unreliable engineering/meteorological report and/or failing to obtain objective and scientifically reliable reports from engineers and other experts.

56. State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claim on an engineering/meteorological report that was speculative, inconsistent and inconclusive.

57. State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claims for hurricane damage despite the overwhelming evidence from the insured property,

surrounding area and eyewitnesses that the loss was caused by hurricane wind, tornadoes, microbursts, and/or mesocyclones.

58. State Farm breached its duty of good faith and fair dealing by negligently, gross negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claims for hurricane damage prior to denying such claims.

59. State Farm breached its duty of good faith and fair dealing by denying Plaintiffs' claims for hurricane damage without conducting an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claims for hurricane damage under the policy.

60. State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claim for hurricane damage on an inadequate investigation, inspection, and adjustment of Plaintiffs' loss.

61. State Farm breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' claims for hurricane damage on the investigation, inspection and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

62. State Farm breached its duty of good faith and fair dealing by failing to utilize an objective meteorologist, engineer or other qualified expert to determine the proximate cause of the loss prior to denying Plaintiffs' claims for hurricane damage.

63. State Farm breached its duty of good faith and fair dealing by failing to construe the policy in favor of coverage for Plaintiffs.

64. Such conduct by State Farm violates the standards of decency, fairness and reasonableness.

65. State Farm's breaches of its duty of good faith and fair dealing have proximately caused Plaintiffs to incur damages.

## COUNT FOUR:
### BAD FAITH AND TORTIOUS BREACH OF CONTRACT

66. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

67. State Farm tortiously, maliciously and in bad faith breached the subject policy by refusing to provide full insurance coverage under the subject policy for Plaintiffs' hurricane losses without a legitimate or arguable reason in fact or law.

68. State Farm tortiously, maliciously and in bad faith breached the subject policy by denying Plaintiffs' claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that the direct physical loss to Plaintiffs' insured property was proximately and efficiently caused by a non-covered peril or a peril excluded by the policy.

69. State Farm tortiously, maliciously and in bad faith breached the subject policy by shifting to Plaintiffs the burden of proving that the loss was not excluded by the policy.

70. State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiffs' claims for hurricane damages without being able to meet its burden of proving by a preponderance of the evidence that Plaintiffs' loss was not caused by a covered hurricane wind, tornado, microburst, mesocyclone, or other convective activity.

71. State Farm tortiously, maliciously and in bad faith without legitimate or arguable reason breached the subject policy by failing to conclusively and objectively determine the

proximate and efficient cause of the loss prior to its denial of Plaintiffs' claims for hurricane damage.

72. State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiffs' claims for hurricane damage without being able to conclusively and objectively determine the proximate and efficient cause of the loss.

73. State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by basing its denial of Plaintiffs' claims on a nonobjective and scientifically unreliable engineering report.

74. State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiffs' claims for hurricane damage despite the overwhelming evidence from the insured property, surrounding area, and eyewitnesses that the loss was caused by hurricane wind, tornadoes, microbursts, and/or mesocyclones.

75. State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by negligently, gross negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claims for hurricane damage prior to denying such claims.

76. State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiffs' claims for hurricane damage without conducting an adequate proper, honest, and good faith inspection, adjustment and investigation of Plaintiffs' claims for hurricane damage under the policy.

77.  State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by basing its denial of Plaintiffs' claim for hurricane damage on an inadequate investigation, inspection, and adjustment of Plaintiffs' loss.

78.  State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by basing its denial of Plaintiffs' claims for hurricane damage on the inspection, investigation, and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

79.  State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by failing to utilize an objective meteorologist, engineer or other qualified expert to determine the proximate cause of the loss prior to denying Plaintiffs' claims for hurricane damage.

80.  State Farm tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by failing to construe the policy in favor of coverage of Plaintiffs' insured loss.

81.  State Farm tortiously, maliciously and in bad faith committed breaches of contract which have proximately caused Plaintiffs to incur damages.

82.  State Farm's acts and conduct as alleged above were willful, wanton, malicious, grossly negligent, and done with reckless disregard for the rights of Plaintiffs, thereby arising to the level of an independent tort and entitling Plaintiffs to an award of Punitive Damages.

## COUNT FIVE:
### WAIVER & ESTOPPEL

83.  Plaintiffs hereby incorporate and adopt by references each and every allegation set forth in all foregoing Paragraphs of the Complaint.

84. State Farm had the obligation and duty to establish what, if any, part of the loss fell under the terms of its exclusion. By declaring its burden of proof irrelevant and intentionally abandoning its burden of establishing what, if any, part of the loss was excluded and thereby shifting its burden of proof to Plaintiffs, State Farm waived its right to exclude any part of the loss.

85. State Farm denied Plaintiffs' claims for hurricane damage based on speculative, inconclusive, inconsistent, scientifically invalid and non-objective engineering/meteorological reports, and/or denied the claims without obtaining objective reports from qualified experts. State Farm has therefore waived the right to utilize and/or rely on a new or different engineer, meteorologist or other expert now to "clean up" or legitimize the basis for the denial after the fact, and should be estopped from doing so now.

86. State Farm's conduct and denial constitutes a waiver of its right to now inspect the insured property, reinvestigate the cause of loss; or utilize engineering and/or meteorologist experts to do what should have been done prior to the denial. State Farm therefore waived its right to make any causal determination of the loss now that the matter is in litigation, and should be estopped from being able to conduct any kind of post-denial investigation, inspection of the insured property, or utilizing new or different litigation experts to now determine the cause of the loss and "clean up" its adjustment process. State Farm should further be estopped from using litigation experts to now determine the cause of loss and justify its invalid denial.

## COUNT SIX:
### NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in all foregoing paragraphs of the Complaint.

88.  The conduct and omissions of State Farm as alleged above constitutes negligent and/or infliction of emotional distress on Plaintiffs.

89.  State Farm's bad faith adjustment and denial of Plaintiffs' claims for damage caused by Hurricane Katrina as set forth above, and its treatment of Plaintiffs through the claims process was outrageous, repulsive, malicious, intentional, unjustified, willful, wanton, reckless, grossly negligent, and done with gross indifference and reckless disregard to Plaintiffs' rights.

90.  Plaintiffs have suffered mental and emotional pain, suffering, and financial injury as a proximate and foreseeable result of State Farm's bad faith adjustment and denial and treatment of Plaintiffs through the claims process. Plaintiffs have also suffered physical manifestations and injuries result by from this emotional distress proximately and foresee ability caused by State Farm's adjustment, denial and conduct.

## VI.
### REMEDIES

91.  Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

92.  Plaintiffs respectfully demands a trial by jury on all issues so triable.

93.  As a direct and proximate result of State Farm's negligence, gross negligence, reckless disregard for Plaintiffs' rights as a State Farm insured, breach of contract, breach of duty of good faith and fair dealing, bad faith and tortious breach of contract without a legitimate or arguable reason in fact or law, Plaintiffs are entitled to the following relief:

(A)  Payment for all contractual benefits for all coverages afforded to Plaintiffs under the subject State Farm policy for damage to Plaintiffs' insured property caused by Hurricane Katrina, with interest on all amounts due Plaintiffs under the policy;

(B)    Prejudgment interest on the amounts owing to Plaintiffs in contractual or policy benefits with interest, retroactive to August 29, 2005.

(C)    Consequential damages on its contract claims, including but not limited to the amounts Plaintiffs expended or lost in trying to repair/replace its insured property without proper insurance benefits since August 29, 2005.

(D)    Compensatory damages for emotional distress.

(E)    Attorney fees and costs of litigation for intentional acts committed by State Farm.

(F)    Extra-contractual damages for State Farm's tortuous, malicious, willful, wanton, reckless, grossly negligent, and bad faith conduct, which arose to the level of an independent tort, including but not limited to, compensatory damages for all out-of-pocket expenses incurred by reason of State Farms' refusal to pay contractual benefits including, but not limited to, recovery of public adjuster, appraiser and umpire expenses incurred by Plaintiffs because of Defendant's denial of insurance coverage.

(G)    Punitive and exemplary damages for State Farm's tortious, malicious, willful, wanton, reckless, grossly negligent, and bad faith conduct which rose to the level of an independent tort, including but not limited to, an award of punitive damages sufficient to punish and deter State Farm, make an example of the Defendant insurance company to discourage other insurers from engaging in such misconduct, taking into account State Farm's financial condition, all in an amount sufficient to achieve the public purposes underlying an award of punitive damages as may be determined by the Court and/or jury.

(H)    An Order estopping State Farm from now inspecting and insured property or determining the cause of loss based on its denial and post-denial conduct.

94. Plaintiffs respectfully request such further general or specific relief to which they are entitled to at law or in equity.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand that this Court enter its Judgment against Defendants for compensatory damages in an amount in excess of the jurisdictional limits of this Court with pre- and post-judgment interest; punitive damages in an amount to be determined by this Court; and attorney fees and costs of litigation. Plaintiffs further demand whatever further or additional relief this Court deems just or equitable.

Respectfully Submitted, this the _28_ day of August, 2008.

ROGER SHAW and ELIZABETH SHAW,
PLAINTIFFS

By: _____
JOHN R. SANTA CRUZ
MSB No. 8392

John R. Santa Cruz
SANTA CRUZ LAW FIRM
718 Dunbar, Suite 1A
Bay St. Louis, MS 39520
Telephone: (228) 467-8484
Facsimile: (228) 467-8485